Reese, J.
delivered the opinion of the court.
The prisoner was indicted, for stealing a horse, under the 23d section of the criminal code. .
Upon the trial the proof established that the animal stolen was a gelding. Proof was admitted and heard by the jury, to show that in the common understanding of the community the term horse, includes gelding.
*324 The prisoner was convicted. He moved for a new trial, which was refused, and he thereupon prosecuted his appeal in error to this court.
If the statute upon which this indictment is founded, had used the term horse in its generic sense, and without more, the description of horse called gelding, would of course have been comprised therein; and it would have been sufficient, it is believed, to have described in an indictment the animal stolen by the generic term used in the statute. ■ But the statute itself in creating the offence, uses the words, “horse, mare or gelding, filly, foal, mule or ass,” meaning obviously to use the word horse, in the sense of stallion, and to distinguish it from the other species, of mare or gelding.
The statute, therefore, having affixed its own sense to the term, that sense must be adhered to in an indictment founded upon it, a.nd cannot be changed or explained by the character of testimony set forth in this record. It seems to us, that this is clear upon principle; it is moreover so settled upon authority. For on an indictment upon the 15th George 2d, ch. 34, which mentions both cows and heifers, it was held, that a beast two years and a half old, which had never had a calf, was wrongly described as a cow. 2 East, P. C. 616. And again: It is said, that where the statute only mentions the grown animal, the young is included, and it is no variance to describe the young animal as if it had been the grown animal. Thus upon an indictment upon the 2d and 3d, Ed. 6, which mentions the words “horses, geldings and mares,” it was held that foals and fillies were included in these words, and that evidence of stealing a mare filly supported an indictment for stealing a mare. Russ. & Ry. 494. But where the statute specified lambs, as well as sheep, and the indictment was for stealing sheep, proof that they were lambs, was held to be a variance. 1 Moody C. C. 160. Upon the same principle it was held, that an indictment under 7th and 8th George 4, ch. 29, sec. 25, for stealing a sheep, is not supported by proof of stealing an ewe, becáuse the statute specifies both ewe and sheep. 1 Moody C. C. 247. See Roscoe’s C. E. 77. These cases obviously rest upon the ground, that where a statute specifically describes the property when *325 creating the offence, the allegations of the indictment must be alike specific, and if it be not, will not be maintained by proof, which would have been sufficiently descriptive, if the statute had been more general in its terms. For instance, .in three of the above cases, if the statutes upon which the bills of indictment were founded, had not specifically mentioned heifer, ewe and lamb, indictments alledging in one instance the stealing of a cow, and in the other two instances, the stealing of a sheep, would have been well enough sustained by the proof of a heifer, evje and lamb, but because it was otherwise, there was held in each case to be a variance.
For these reasons we are constrained to hold in the case before us, that there 'was a variance between the déscription of the animal mentioned in the indictment, and that shown in the testimony.
The judgment must, therefore, be reversed, and a new trial be granted in the case.